NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOPHIA X. HART,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2026-1241

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-22-0558-B-1.

---

Decided:  July 10, 2026

---

SOPHIA XENIA HART, Arrowsmith, IL, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

---

Before LOURIE and PROST, *Circuit Judges*, and
SUBRAMANIAN, *District Judge*.[1]

PER CURIAM.

Sophia X. Hart petitions for review of a Merit Systems
Protection Board ("Board") decision dismissing her appeal
for lack of jurisdiction. We affirm.

## BACKGROUND

Effective December 6, 2020, the U.S. Department of
Agriculture ("agency") appointed Ms. Hart to a Support
Services Specialist position in the excepted service under
the Schedule A hiring authority of 5 C.F.R. § 213.3102(u).
Less than two years later, on July 8, 2022, the agency ter-
minated her.

Ms. Hart appealed her termination to the Board. The
administrative judge ("AJ") dismissed the appeal for lack
of jurisdiction, finding that Ms. Hart had not adequately
alleged that she was an "employee" entitled to appeal to the
Board. Specifically, the AJ reasoned that, because
Ms. Hart was in the excepted service and not a preference
eligible,[2] she could be an "employee" with appeal rights
only under 5 U.S.C. § 7511(a)(1)(C). That provision offers
two possible definitions of "employee"; the individual can
either (i) be "not serving a probationary or trial period un-
der an initial appointment pending conversion to the com-
petitive service," or (ii) have "completed 2 years of current
continuous service in the same or similar positions in an

---

[1]    Honorable Arun Subramanian, District Judge,
United States District Court for the Southern District of
New York, sitting by designation.

[2]    The term "preference eligible" is defined at 5 U.S.C.
§ 2108(3), and it generally means certain veterans or their
family members.

Executive agency under other than a temporary appointment limited to 2 years or less." § 7511(a)(1)(C)(i), (ii) (for convenience, we refer to these definitions simply as (C)(i) and (C)(ii)).  The AJ, upon finding that Ms. Hart had not adequately alleged that she met either definition, dismissed her Board appeal for lack of jurisdiction.

Ms. Hart filed a petition for review with the Board.  The Board granted that petition, vacated the AJ's dismissal, and remanded for further adjudication.  Although the Board agreed that Ms. Hart could not be a (C)(ii) "employee" (because she had not alleged completion of "2 years of current continuous service in the same or similar positions"), the Board deemed Ms. Hart's allegations regarding (C)(i) adequate at that stage of the proceedings.  *See* App'x 51.[3]  It therefore remanded to the AJ for further adjudication as to whether Ms. Hart could prove that she met that latter definition.

On remand from the Board, the AJ conducted further proceedings to determine whether Ms. Hart could prove that she was a (C)(i) "employee."  The AJ ultimately found that she did not prove as much, because she failed to prove that she was *not* serving a probationary or trial period.  *See* App'x 18–20.  While the AJ acknowledged that the agency "could have been clearer" about the nature of Ms. Hart's appointment, App'x 18, the AJ relied on the agency's stated policy—in materials both public-facing and internal—that Schedule A appointments are subject to a probationary or trial period of two years if the individual is not a preference eligible, *see* App'x 19.  And, "[c]onsidering the record as a whole," the AJ found that Ms. Hart "did not meet her burden of showing that . . . she was somehow different from other Schedule A appointments that are subject to a 2-year trial period."  App'x 19.  Because the AJ found that

---

[3]    "App'x" refers to the appendix included with the government's informal brief.

Ms. Hart's appointment was indeed subject to a two-year trial period, and because she was terminated while still serving that trial period, the AJ determined that Ms. Hart was not a (C)(i) "employee" and dismissed her appeal for lack of jurisdiction accordingly. App'x 18–21.

Ms. Hart again filed a petition for review with the Board, and she also sought to submit new evidence. The Board denied Ms. Hart's attempt to submit new evidence, because she had not "establish[ed] that the material she [sought] to submit was unavailable before the record closed on review despite her due diligence." App'x 3 (citing, among other authorities, 5 C.F.R. § 1201.115(d), which references "[n]ew and material evidence . . . that, despite the petitioner's due diligence, was not available when the record closed"). And it otherwise affirmed the AJ's post-remand dismissal, which became the Board's final decision. App'x 2 (citing 5 C.F.R. § 1201.113(b)).

Ms. Hart timely petitioned this court for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations de novo and its underlying fact findings for substantial evidence. *Parrott v. MSPB*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jones v. MSPB*, 98 F.4th 1376, 1380 (Fed. Cir. 2024) (cleaned up). We review the Board's evidentiary decisions for abuse of discretion. *See, e.g.*, *Cerwonka v. Dep't of Veterans Affs.*, 915 F.3d 1351, 1360 (Fed. Cir. 2019). Ms. Hart, as the petitioner, bears the burden of establishing reversible error in the Board's final decision. *E.g.*, *Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020).

For the Board to have possessed jurisdiction over Ms. Hart's appeal of her termination, she must have been an "employee" as defined in § 7511(a)(1). *See, e.g.*, *Roy v. MSPB*, 672 F.3d 1378, 1380 (Fed. Cir. 2012); *see also* 5 U.S.C. § 7513(d) ("An employee against whom an action is taken under this section is entitled to appeal to the [Board] under [§] 7701 of this title."); § 7511(a)(1) (defining "employee" for purposes relevant here). The Board correctly concluded that Ms. Hart's only route to being such an "employee" was through the (C)(i) definition, given that her appointment was in the excepted service, she was not a preference eligible, and she had not alleged completion of two years of current continuous service in the same or similar positions. And it found that Ms. Hart had not met her burden of proving (C)(i) status, because (1) the agency's stated policy was that Schedule A appointments would be subject to a two-year trial period if the individual was not a preference eligible; (2) she had not proven that "she was somehow different from other Schedule A appointments that are subject to a 2-year trial period"; and (3) she was still serving that two-year trial period when she was terminated. App'x 18–19.

Ms. Hart does not demonstrate that the Board's jurisdictional determination (and resultant dismissal) was unsupported by substantial evidence or otherwise erroneous. Instead, she makes two main arguments—neither of which directly concerns the Board's jurisdictional determination.

First, Ms. Hart contests the Board's decision not to allow her to submit new evidence. *See* Pet'r's Informal Br. 3.[4] In disallowing the new evidence, the Board determined that Ms. Hart failed to establish that such evidence "was unavailable before the record closed on review despite her

---

[4]    When citing specific pages of petitioner's filings at this court, we cite the page numbers supplied by the electronic filing system in the header of the document.

due diligence."  App'x 3 (citing, among other authorities, 5 C.F.R. § 1201.115(d)).  Ms. Hart does not explain, nor do we see, how the Board abused its discretion in this regard.

Second, Ms. Hart seems to contest the merits of her termination.  For example, she maintains that her termination did not comply with due process.  Pet'r's Informal Br. 3.  And, by referencing the *Douglas* factors, she suggests that her termination was unwarranted in the first place.  *See id.* (referencing *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280 (1981)).  But these arguments would be relevant only if the Board had jurisdiction to adjudicate them—which, for the reasons described above, it did not.

## CONCLUSION

We have considered Ms. Hart's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.